Do Not Publish

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-140

STATE OF LOUISIANA

VERSUS

RAPHAEL VALLOT, JR., DEXTER VALLOT,
d/b/a RV AND SON TRUCKING, INC.
2000 Ford F250 VIN 1FTNX2IFSYEA12451
1990 Mate Trailer VIN 1M9A33436LH036084
1993 White GMC VIN 4VIJDBJFXPR818107
1979 Gene Trailer VIN 35GLB7911S
1999 Peterbuilt VIN 1XPSDB9X7XD476107
1999 Mate Trailer VIN 1M9A32434XH036424
2000 Peterbuilt VIN 1NPSDB9X8YD508817
1985 CMC Trailer VIN A19A1AP26F11A9168
1997 Peterbuilt VIN 1XPSDB9X7VN430560
1987 CMC Trailer VIN lA9AlAL26H11A9820

**********

APPEAL FROM THE
SIXTEENTH DISTRICT COURT
PARISH OF IBERIA, NO. 105479-E
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

J. Kevin Stockstill
102 Versailles Boulevard, Suite 310
Lafayette, Louisiana 70501
Counsel for Defendant-Appellant:
    Raphael Vallot, Jr.

**J. Phil Haney, District Attorney**
**Walter J. Sennette, Jr., Assistant District Attorney**
**St. Mary Parish Courthouse**
**Franklin, LA 70538**
**Counsel for Plaintiff-Appellee:**
     **State of Louisiana**

**PAINTER, Judge.**

Defendant, Raphael Vallot, Jr., appeals the judgment of the trial court in this in rem proceeding finding his property subject to forfeiture. Finding no error in the trial court's judgment, we affirm.

**FACTS**

The trial court correctly outlined the underlying facts of the case and pre-trial procedural history in its written reasons for judgment:

> The State of Louisiana filed a petition for forfeiture on June 16, 2005 alleging that Raphael Vallot, Jr., Dexter Vallot and RV and Son Trucking, Inc. engaged in business giving rise to forfeitures, specifically pursuant to the provisions of LSA-R. S. 40:2600, et seq. After the introduction of the testimony and the evidence into the record, the Court took the matter under advisement to determine whether the State of Louisiana is entitled to a Judgment of Forfeiture in this matter.
>
> The allegations of the petition for forfeiture, along with the accompanying warrant of seizure and the affidavits in connection with the warrant for seizure, indicate that Raphael Vallot and Peter Ramos engaged in illicit activities of hauling cocaine and marijuana and proceeds from cocaine and marijuana from Texas to Louisiana and into Florida. This occurred on two separate occasions as admitted by Mr. Vallot and Mr. Ramos in their testimony. Additionally, Mr. Ramos loaned Mr. Vallot $20,000.00 and deposited a sufficient sum for him to purchase a 2000 Ford F250 pickup truck VIN 1FTNX21F5YEA12451. It is admitted by the defendant that that Ford pickup truck, along with the 2000 Peterbuilt are subject to forfeiture because these were the vehicles that were actually used to transport drugs and/or drug proceeds in connection with this case. At issue in this case is whether the following vehicles are also subject to the forfeiture: 1990 Mate Trailer VIN# 1M9A33436LH036084, 1993 White GMC VIN# 4VIJDBJFXPR818107, 1979 Gene Trailer VIN# 35GLB7911S, 1999 Peterbuilt VIN# 1XP5DB9X7XD476107, 1999 Mate Trailer VIN# 1M9A32434XH036424, 1985 CMC Trailer VIN# A19A1AP26F11A9168, 1997 Peterbuilt VIN# 1XP5DB9X7VN430560 1987 CMC Trailer VIN# 1A9A1AL26H11A9820.

1

After a two-day trial, the trial court found that:

> For the above reasons, the Court finds that the State of Louisiana has carried the burden of proof required under the probable cause for forfeiture of the property that Dexter Vallot did operate an illegal narcotics smuggling ring and derived benefits from his activities in the illegal smuggling ring sufficient warrant seizure and forfeiture of all of the assets listed in the trucking business. The Court further finds that the defendant has failed to carry his burden of proof by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture. The Court finds that Dexter Vallot is, in fact, the owner of the vehicles and the facto owner of the business, and therefore the corporation does not exist. By Raphael Vallot, Jr.'s own testimony, this was not his business but was his son's business.

Therefore, the court rendered judgment forfeiting all the above listed trucks.

Vallot appeals.

**DISCUSSION**

Appellant asserts that the trial court erred in applying an incorrect burden of proof to the State and in finding that the State had shown that the trucks were used or intended to be used to facilitate the possession, manufacture, or distribution of controlled substances or were the proceeds of such.

*Burden of Proof*

Vallot argues that the State should have been required to prove its case by a preponderance of the evidence under La. R.S. 40:2612(G) which states in pertinent part that "[i]n a forfeiture case, wherein a claim is timely filed pursuant to the provisions of this Chapter, the burden of proof required to forfeit the defendant's property shall be a preponderance of the evidence." As a result, Vallot asserts that the matter should be reviewed de novo.

Vallot argues in brief that he filed a claim pursuant to the Civil Forfeiture Act. However, there is no indication of record that such a claim was timely filed. Under

2

La.R.S. 40:2610 (A), a claim "shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture." The Notice of Pending Forfeiture was served on Vallot on May 26, 2005. The record contains no indication that Vallot filed a claim prior to the answer to the petition for forfeiture filed July 12, 2005. Thus, the record does not support Appellant's assertion that a claim was timely filed.

Louisiana Revised Statutes 40:2612 states that:

> H. If the district attorney fails to show the existence of probable cause for forfeiture, or a claimant establishes by a preponderance of the evidence that the claimant has an interest that is exempt under the provisions of Section 2605 of this Chapter, the court shall order the interest in the property returned or conveyed to the claimant. The court shall order all other property forfeited to this state and conduct further proceedings pursuant to the provisions of Section 2615 and 2616 of this Chapter.

In the absence of a timely claim by Vallot, we find that the trial court correctly required the State to prove the existence of probable cause for forfeiture. We will, therefore, review the matter under a manifest error standard of review.

*Sufficiency of the Evidence*

Vallot next asserts that the court erred in finding that the State carried its burden of proof.

Vallot admits that the red 2000 Peterbilt was used in transporting drug proceeds to Louisiana and that he bought the Ford F250 with drug proceeds supplied by Pedro Ramos. He argues, however, that the evidence does not support the conclusion that the other trucks are subject to forfeiture.

3

Louisiana Revised Statutes 40:2604 provides that:

The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:

(1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.

(2) All property that is either:

(a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 et seq.

(b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.

(3) Proceeds of any conduct giving rise to forfeiture.

(4) All weapons possessed, used, or available for use in any manner to facilitate conduct giving rise to forfeiture.

(5) Any interest or security in, claim against, or property or contractual right of any kind affording a source of control over any enterprise that a person has established, operated, controlled, conducted, or participated in the conduct of through conduct giving rise to forfeiture.

The trial court found that the State had shown probable cause to conclude that the trucks were derivative contraband or the instrumentalities of a crime.

The trial court first found that the corporation which was alleged to own the vehicles was a sham corporation. While Dexter Vallot, Vallot's son, testified that R.V. & Sons Trucking was an S corporation and that he was an officer, his tax returns indicate that he is operating the business as a sole proprietorship. Further, he testified that he ran the daily operation, wrote checks, and had authority to make purchases.

4

While Dexter Vallot stated that it was his father's company, his father, Raphael Vallot, Jr. testified that he was retired, his son ran the business, and that his son could use the trucks as he liked. He testified that there were no stockholders in the corporation, no Articles of Incorporation, no annual reports, no minutes of meetings, and no paperwork of any kind.

In light of this evidence and in light of the absence of testimony supporting the existence of a genuine functioning corporation, we find no error in the trial court's conclusion that R.V. & Sons Trucking was a sham corporation.

The court next considered whether those trucks not admitted to be the immediate instrumentalities of the crime were derivative contraband. In finding that those trucks were derivative contraband, the court cited the testimony of Pedro Ramos that he loaned Dexter Vallot $20,000.00 to pay for insurance on his trucks. The court further noted that Dexter Vallot's tax returns show very little income for R.V. & Sons Trucking to substantiate or support the ownership of the assets.

We agree with the trial court that the evidence adduced at trial is sufficient to establish probable cause for forfeiture. We further find that Vallot has not established by a preponderance of the evidence that he has an interest in the property that is exempt under La.R.S. 40:2605.[1]

---

[1] Louisiana Revised Statutes 40:2605 provides that:

A property interest is exempt from forfeiture under this Chapter if its owner or holder establishes all of the following:
(1) That he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.
(2) That he had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in bona fide commercial transaction.
(3) That with respect to conveyances for transportation only, he did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by Vallot.

AFFIRMED.

---

(4) That he does not hold the property for the benefit of or as an agent for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired his interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value not knowingly taking part in an illegal transaction.

(5) That no person whose conduct gave rise to its forfeiture had the authority to convey the interest to a bona fide purchaser for value at the time of the conduct.

(6) That the owner or interest holder acquired the interest after the completion of the conduct giving rise to its forfeiture and that the owner or interest holder acquired the interest under all of the following conditions:

(a) As a bona fide purchaser for value who was not knowingly taking part in an illegal transaction.

(b) Before the filing of a forfeiture lien on it and before the effective date of a Notice of Pending Forfeiture relating to it, and without notice of its seizure for forfeiture under this Chapter.

(c) At the time the interest was acquired, there was no reasonable cause to believe that the property was subject to forfeiture or likely to become subject to forfeiture under this Chapter.